IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIONA D. FITZPATRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00206 ) |
| MARSHALL COUNTY JAIL, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Before the Court is a pro se complaint for alleged violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), filed by Plaintiff Kiona Fitzpatrick, a former inmate of the Marshall County Jail in Lewisburg, Tennessee.[1] Plaintiff also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. The complaint is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**INITIAL REVIEW OF THE COMPLAINT**

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a

---

[1] Within two months of filing the complaint, Plaintiff was released from confinement and provided the Court with notice of her residential address. (Doc. No. 9.)

governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in h[er] pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of her federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution

2

or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff alleges that, after being booked into the Marshall County Jail on or around January 18, 2020, she requested to be transferred to a different facility while awaiting the resolution of her probation violation charge, due to a prior bad experience at the Jail. She was subsequently moved from the general population to a "booking and lockdown cell" where she remained from January 19–27, 2020. (Doc. No. 1 at 5, 12.) In her new cell, the lights were left on 24 hours per day and an odor was present due to the toilet "pumping . . . other inmates' excrement." (*Id.* at 12.) When Plaintiff expressed that she "had stayed in the cell long enough with the odor" and asked to be moved, Correctional Officer Kendra "forced [her] into a restraint chair and us[ed] extreme force on [her] head." (*Id.*) During this restraint, her handcuffs were so tight that any movement caused lesions on her wrists, and Officer Kendra would not let her out to shower but advised that she "would have to ask on night shift." (*Id.* at 5.)

On January 27, 2020, Plaintiff appeared in state court for a hearing on the probation violation charge. At the hearing, Plaintiff refused appointment of counsel and negotiated a 150-day sentence with a 90-day credit for time served. (*Id.* at 13.) She alleges that this should have resulted in a release date of March 17, 2020, but the Jail Administrator refused to apply her credit (*id.* at 13–14), insisting that her release date was May 8, 2020 "no matter what was offered." (Doc. No. 7 at 3.)[2] Nevertheless, Plaintiff was released at some point prior to April 25, 2020, when she

---

[2] Plaintiff's filings at Doc. Nos. 4 and 7 are styled as motions but appear effectively to be a two-part supplement to the complaint she filed ten days earlier. The Court therefore considers the allegations

contacted the Clerk's Office by telephone to provide her new mailing address. (*See* Doc. No. 9 at 1.)

Although Plaintiff refers to a history of being treated unlawfully at the Marshall County Jail that precedes the timeframe referenced above, she has clarified that "January 17th, 2020, is the beginning time of this active lawsuit." (Doc. No. 4 at 3; *see also* Doc. No. 7 at 1 ("My constitutional rights have been violated since January 17th, 2020.").)[3] She sues the Marshall County Jail, Jail Administrator Sabrina Patterson, and Correctional Officer Kendra, seeking a damages award of 5.5 million dollars. (Doc. No. 1 at 2–3, 5, 15.)

IV. ANALYSIS

As an initial matter, the Marshall County Jail is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." *Tucker v. Salandy*, No. 3:17-cv-00671, 2017 WL 2438401,

---

contained in these filings in its initial review and by separate order will direct the Clerk to terminate them as pending motions.

[3] Plaintiff refers to past issues concerning medical care during her pregnancy in January 2019, when she was incarcerated at the Marshall County Jail based on a prior parole violation. (Doc. No. 4 at 1–3.) That alleged mistreatment appears to have led her to request to serve her most recent sentence in a different county jail "due to [her] last experience in the [Marshall County] Jail." (Doc. No. 1 at 7, 8 ("Did all I could do before arriving to this Jail to prevent this from happening because I knew there would be hate from the previous visit after loosing [sic] twin babies here.").) For purposes of initial review, and in view of Plaintiff's explicit clarification that the instant case is only based on incidents occurring on or after January 17, 2020, the Court construes her allegations concerning medical issues a year prior to that date as background information in support of her extant claims, rather than an attempt to assert an additional claim based on medical care.

4

Case 3:20-cv-00206   Document 10   Filed 09/15/20   Page 4 of 8 PageID #: 51

at *2 (M.D. Tenn. June 6, 2017). Accordingly, the Marshall County Jail will be dismissed as a defendant.

Officer Kendra is sued in her official capacity only. (Doc. No. 1 at 3.) "While personal-capacity suits seek to impose personal liability upon a government official for actions [s]he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). But to state a viable claim against the entity Officer Kendra represents, Marshall County, Plaintiff must allege that her injuries were causally related to Officer Kendra's execution of a County policy or custom. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). She does not make any such allegation, and therefore fails to state a viable claim against Officer Kendra in her official capacity.

If the complaint is liberally construed as asserting an individual-capacity claim—in harmony with its allegations of an excessively forceful response to Plaintiff's personal request to Officer Kendra—it still fails to demonstrate any plausible entitlement to relief. Kendra is alleged to have responded to Plaintiff's transfer request by forcing her into a restraint chair "for punishment, though [she] was not causing harm" to anyone, and using "extreme force on [her] head" while applying handcuffs that were tight enough to cause "lesions" if Plaintiff moved. (*Id.* at 5, 12.) Plaintiff does not state how long she was cuffed and restrained in the chair and does not further describe the force applied to her head, nor does she allege that any injury resulted from her restraint other than lesions on her wrists if she moved. Although deserving of a liberal construction, pro se pleadings are not exempt from the requirement of alleging facts sufficient to state a plausible claim to relief. "Every malevolent touch by a prison guard does not give rise to an Eighth Amendment cause of action and a prisoner must allege that [s]he sustained more than de minimis injury in order to state a viable excessive force claim." *Richmond v. Settles*, 450 F. App'x 448, 454

5

(6th Cir. 2011). While "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts," *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), Plaintiff has not alleged facts from which either the force applied or any resulting injuries could be found non-de minimis. Her allegation that Defendant Kendra used "extreme force" to restrain her is a conclusory assertion "devoid of [the] further factual enhancement" necessary to plausibly allege excessive force. *Iqbal*, 556 U.S. at 678. Even if an excessive-force claim were plausibly alleged, the failure to allege more than de minimis injury would require the claim's dismissal.

Plaintiff also fails to allege any injury from being housed for 8 days in a cell with the lights perpetually on and "nonworking plumbing" (*id.* at 12), or from being denied a shower. An inmate's constitutional rights are not violated by exposure to conditions of confinement that amount to "no more than temporary inconveniences" that are "not extreme." *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (rejecting claim based on, e.g., lack of drinking water for six overnight hours and "offensive" condition of being unable to flush cell toilet overnight; "On the other hand, the alleged deprivation of adequate lighting in Powell's cell for thirty-five days is sufficiently extreme to state an Eighth Amendment claim.") (citing, *e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)); *see Richmond*, 450 F. App'x at 455 (stating that Eighth Amendment prohibits "unnecessary and wanton infliction of pain" and deprivation of "the minimal civilized measure of life's necessities"; rejecting claim of prisoner who alleged only de minimis injury and a six-day deprivation of shower and other personal hygiene items). The conditions of Plaintiff's confinement do not support her claim of a constitutional violation.

However, Plaintiff's allegation that the Jail Administrator, Defendant Patterson, refused to apply the sentence credits awarded by the court states a colorable due process claim. Plaintiff alleges that on January 27, 2020, she went to court on the probation violation charge and was

6

"offered 150 days to serve[.]" (Doc. No. 1 at 13.) She continues: "I accepted and asked for credit for time served [and] they gave me 90 day credit [so] I took the offer and once I was taken back to the Jail none of this credit was given." (*Id.*) Plaintiff alleges that although the regular sentence for this, her third probation violation would otherwise be 90 days in jail, she "did not want to serve 90 days and still come out on probation," so she "stated [she] would prefer to flatten [her sentence and] this is when the 150 days was offered by Mrs. Rice," with a 90-day credit for time served. (Doc. No. 7 at 3.) After returning from court, Plaintiff claims that she was informed, "per Administrator," that her release date would not be moved up to account for any sentence credits but would remain scheduled for May 8, 2020. (*Id.*) She states that her "release with credits given should have been March 10th 2020, including good time," and March 17, 2020 without good time. (*Id.*) She further states that she has proof "that the administrator Sabrina Patterson has fals[e]ly documented [her] time," and that as a result she has been falsely imprisoned. (*Id.* at 2–3; Doc. No. 1 at 12.)

In *Shorts v. Bartholomew*, 255 F. App'x 46 (6th Cir. 2007), the Sixth Circuit observed that, under the Due Process Clause of the Fourteenth Amendment, an inmate has a liberty interest in being released upon the expiration of his sentence. *Id.* at 51. If a prison official, acting with deliberate indifference to an inmate's entitlement to release, retains custody over an inmate whose sentence has expired, such deliberate indifference may rise to the level of a due process violation. *Cochran v. Tennessee*, No. 3:18-CV-0050, 2018 WL 2100336, at *4 (M.D. Tenn. May 7, 2018). "Deliberate indifference has been demonstrated in those cases where prison officials were put on notice and then simply refused to investigate a prisoner's claim of sentence miscalculation." *Shorts*, 255 F. App'x at 53 (quoting *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)).

> To establish § 1983 liability in this context, a plaintiff must [1] first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk

7

that unwarranted punishment was being, or would be, inflicted. [2] Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. [3] Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.* at 55 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir.1989)).

At this initial stage of review, Plaintiff's allegations are sufficient to plausibly claim that Defendant Patterson knew of Plaintiff's entitlement to credits which should have resulted in an earlier release date but took no action to implement that earlier release date, despite her responsibility as Jail Administrator to determine such matters. While Patterson is sued in her official capacity only (Doc. No. 1 at 2), it cannot be determined at this stage whether she is the appropriate policymaker (or the policymaker's designee) for purposes of Marshall County's potential liability, or whether this claim is also properly construed as an individual-capacity claim. This claim will be allowed to proceed for further development.

## CONCLUSION

For the reasons set forth above, the Court finds that the complaint states a nonfrivolous claim against Defendant Patterson that will proceed for further development. Defendants Marshall County Jail and Correctional Officer Kendra will be dismissed from this action.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE